Burnice Joe **BIRDO**, Appellant,

v.

David **HAMMERS**, Appellee.

No. 12-89-00183-CV.

Court of Appeals of Texas,
Tyler.

Jan. 31, 1992.

Rehearing Denied June 18, 1992.

Burnice Birdo, pro se.

Louis Carrilo, David Payne, Austin, for appellee.

BILL BASS, Justice.

Burnice Joe Birdo appeals from a judgment denying him relief for due process violations he allegedly sustained as an inmate in the Eastham Unit of the Texas Department of Criminal Justice—Institutional Division (hereinafter "TDCJID"). Birdo put on no evidence at the trial on the merits, relying only on unanswered re-

quests for admissions. We will affirm the trial court's judgment.

Birdo brought suit against David Hammers, a TDCJID prison officer, for confiscating his radio, headphones, and magazines without due process as guaranteed by the U.S. Constitution. He served two sets of requests for admissions upon Hammers to be answered in accordance with Rule 169 of the TEXAS RULES OF CIVIL PROCEDURE. The first set was answered within the required 30–day period. The second set of requests for admissions, for all practical purposes, made the same requests as did the first. However, it was never answered.

At trial, Birdo chose not to introduce any evidence before the court. He claimed that the failure of the appellee to answer the second set of requests within the 30–day period resulted in deemed admissions of each request. TEX.R.CIV.P. 169. The trial court rejected Birdo's argument, disregarding any deemed admissions and entering judgment against him. Birdo, in his first two points of error, now insists that the deemed admissions conclusively establish every element of his claim against the appellee. He made one request of the appellee that, if admitted, would have had the effect of proving every element of his claim: "Admit or deny that each allegation made in the Amended Original Petition filed in this case is true." The appellee had already denied this request in the original set of requests. The other requests for admissions together, if admitted, would not prove the necessary elements of Birdo's claim. Therefore, we only address the request by Birdo for the defendant/appellee to admit that each allegation in his petition is true.

"The primary purpose of [Rule 169] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950). We do not believe that this request made to the appellee was proper; therefore, it did not result in a deemed admission. Sweepingly broad requests for admission, such as this one, may not result in deemed admissions. *Powell v. City of McKinney*, 711 S.W.2d 69, 71 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Litigants should not be allowed to use the rule as a tool to trap their opposition, especially when, as here, the party has repeatedly denied the plaintiff's broad allegations in pleadings and other discovery requests. *Birdo v. Holbrook*, 775 S.W.2d 411, 413 (Tex.App.—Fort Worth 1989, writ denied) (trial court properly allowed the withdrawal of an inadvertent admission to an identical request for admission made by Birdo). Points of error one and two are overruled.

Even assuming the commission of the error urged by appellant in his remaining points, none could have resulted in the rendition of an improper judgment. Error, if any, is harmless. TEX.R.APP.P. 81(b)(1). We overrule points of error three through five.

The judgment is affirmed.