# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00474-CV

**C. Michael Lucas, Appellant**

**v.**

**James Jolly Clark & Eonic Creations, Inc., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-10-001068, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

Eonic Creations, Inc. and its founder, James Jolly Clark, (collectively, the "Appellees") sued investor C. Michael Lucas for breach of contract and various claims of tortious conduct. When Lucas failed to respond to the Appellees' petition, the trial court issued a default judgment in favor of the Appellees and awarded unliquidated damages of $75,000 to James Jolly Clark and $9,925,000 to Eonic Creations. Lucas appeals, claiming that the absence of a reporter's record from the default judgment hearing deprived Lucas of the ability to review the trial court's awards, that the trial court's unliquidated damages awards are not supported by sufficient evidence, and that the use of requests for admissions embedded within a petition to support the no-answer default judgment awards of unliquidated damages was "inappropriate" and undermined Texas Rule of Civil Procedure 243. We affirm the issuance of the default judgment, reverse that portion of the

default judgment awarding unliquidated damages, and remand the case to the trial court for further proceedings consistent with this opinion.[1]

## BACKGROUND

On April 2, 2010, the Appellees sued Lucas for breach of contract, misappropriation of trade secrets, unjust enrichment, conversion, and aiding and abetting Eonic Creations' officers and employees in violating their fiduciary duties to the company. In their petition, the Appellees claimed that Lucas entered into a contract with Clark and promised to pay $60,000 to Clark for personal debts and $15,000 to Eonic Creations for certain patent rights to Eonic Creations' products. According to the Appellees' petition, Lucas also contracted to make a good faith effort to obtain a $600,000 small-business loan to further the business interests of Eonic Creations. The Appellees allege that Lucas failed to pay either sum of money and did not make a good faith effort to obtain the promised loan. In addition, the Appellees contend that Lucas enticed Robert Clark, CEO and acting president of Eonic Creations, and Paul Morganstern, engineer for Eonic Creations, to leave Eonic Creations and form a new company with Lucas using Eonic Creations' products and trade secrets. In their petition, the Appellees sought injunctive relief and damages, including specific performance of Lucas's contractual obligations, compensatory damages, consequential damages of over $10 million in lost profits and loss of reputation, punitive damages, and attorney's fees and expenses.

The Appellees incorporated two requests for admissions into their original petition. The requests for admissions were as follows:

---

[1] We also grant Lucas's pending motion to withdraw and substitute counsel.

2

Request for Admission 1: The contract attached to this petition as Exhibit A is a true and accurate copy of the contract that you signed and entered into on or about May 22, 2009.[2]

Request for Admission 2: As a proximate result of your breaching the contract made the basis of this suit, the Plaintiffs have suffered consequential damages in an amount not less than ten million dollars.

Lucas did not file an answer to the petition nor did he respond to the requests for admissions.[3]

On June 23, 2010, the Appellees filed a motion for default judgment, claiming that Lucas's failure to respond to Request for Admission 2 constituted a deemed admission that Lucas's contractual breach caused the Appellees damages in the amount of $10 million. Appellees also attached an affidavit by their trial counsel averring that Lucas never served an answer on the Appellees and identifying reasonable and necessary attorney's fees. After "reviewing the Officers Return filed May 25, 2010 and considering the pleadings and official records on file including Plaintiff's Motion for Default Judgment as well as any evidence and arguments," the trial court issued a default judgment granting a permanent injunction and ordering Lucas to pay $75,000 in "actual damages" plus court costs, attorney's fees, and pre- and post-judgment interest to Clark and $9,925,000 in "actual damages" plus pre- and post-judgment interest to Eonic Creations. Lucas did not file a motion for new trial, but filed a notice of appeal.

---

[2] Though the request for admission indicates that a copy of the contract was attached to the original petition, no copy of the contract exists in the appellate record.

[3] The Appellees also included requests for disclosure, interrogatories, and requests for production in their petition. Lucas did not respond to any of these discovery requests.

Lucas does not appeal the trial court's finding of liability, nor does he appeal the injunction against him or the attorney's fees and court costs awarded.[4] Lucas's only arguments on appeal involve the trial court's awards of unliquidated "actual damages," totaling $75,000 to Clark and $9,925,000 to Eonic Creations.

In three issues on appeal, Lucas argues that (1) the absence of a reporter's record from the default judgment hearing deprived Lucas and this Court of the ability to adequately review the trial court's damages awards, (2) the trial court's damages awards are not supported by legally and factually sufficient evidence, and (3) supporting a no-answer default judgment's unliquidated damages award with requests for admissions embedded in a petition is "inappropriate" and undermines Texas Rule of Civil Procedure 243.

## DISCUSSION

When a no-answer default judgment is rendered, the defendant's liability for all causes of action pleaded is conclusively established and all allegations of fact set forth in the petition are deemed admitted, except the amount of unliquidated damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam); *Texas Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam). After a default judgment occurs, unliquidated damages, i.e., damages not expressly provided for within a written instrument, must be proven to the trial court. *See* Tex. R. Civ. P. 243.[4] Recovery for unliquidated damages in the form of lost profits,

---

[4] Lucas represented in his brief that a bill of review is pending in the district court alleging that Lucas was never served with citation.

[4] "If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor . . . ." Tex. R. Civ. P. 243.

as the Appellees have requested here, requires that the injured party do more than show that it suffered some lost profits. The amount of the loss must be shown by competent evidence with reasonable certainty. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992). To meet this reasonably-certain-evidence standard, opinions or estimates of lost profits must, at a minimum, be based on objective facts, figures, or data from which the amount of lost profits can be ascertained. *Id.*

The Appellees rely solely on Request for Admission 2, which was embedded in their petition, to prove that they suffered $10 million dollars of unliquidated damages in the form of lost profits. Request for Admission 2 stated: "As a proximate result of your breaching the contract made the basis of this suit, the Plaintiffs have suffered consequential damages in an amount not less than ten million dollars." Generally, when a party fails to respond to a request for admission, either by timely answer, written objection, or motion to file late answers, the facts contained in the request are deemed admitted. *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 838 (Tex. App.—Dallas 2009, no pet.); *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 812 (Tex. App.—Waco 2007, no pet.). Admissions, once deemed admitted, are judicial admissions and may not be contradicted. *Oliphant Fin.*, 299 S.W.3d at 837; *Sherman Acquisition*, 229 S.W.3d at 812-13. As all of Lucas's points on appeal are impacted by whether or not Request for Admission 2, standing alone, can support the trial court's $10 million default judgment, we will begin by addressing the purpose behind requests for admissions.

**Purpose of Requests for Admissions**

The primary purpose of requests for admissions is to "simplify trials by eliminating matters about which there is no real controversy." *Stelly v. Papania*, 927 S.W.2d 620, 622

5

(Tex. 1996) (citing *Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950)). They were never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense. *Id*. Courts have cautioned that litigants should not be allowed to use requests for admissions as a tool to trap their opposition. *See Birdo v. Hammers*, 842 S.W.2d 700, 701 (Tex. App.—Tyler 1992, no writ).

The rule regarding requests for admissions "was designed, not as a trap to prevent the presentation of the truth in a full hearing but as a tool for the fair disposition of litigation with a minimum of delay." *Taylor v. Lewis*, 553 S.W.2d 153, 160 (Tex. Civ. App.—Amarillo 1977, writ ref'd n.r.e.). When a party uses deemed admissions to try to preclude presentation of the merits of a case, however, due process concerns may arise. *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005); *In re Rozelle*, 229 S.W.3d 757, 764 (Tex. App.—San Antonio 2007) ("[Due process] is the guiding rule and principle that applies when requests for admissions are not used as intended, and when a party uses deemed admissions to try to preclude presentation of the merits of a case." (internal quotation marks and citation omitted)). Therefore, overly broad, merits-preclusive requests for admissions are improper and may not result in deemed admissions. *See In re Estate of Herring*, 970 S.W.2d 583, 589 (Tex. App.—Corpus Christi 1998, no pet.) (holding that admissions requesting party to "admit [wife] did not transfer community property . . . without your knowledge and consent" and "admit you have not been injured in any manner as a direct result of the alleged acts" were sweepingly broad and not deemed admitted); *Birdo*, 842 S.W.2d at 701 (holding that request is improper and will not be deemed admitted where party requests that opposing party admit or deny every allegation made in petition); *Powell v. City of McKinney*, 711 S.W.2d 69, 71 (Tex.

6

App.—Dallas 1986, no writ) (holding that request asking plaintiffs to "admit [they] no longer wish to pursue their cause of action in the above styled and numbered cause" was sweepingly broad and should not be deemed admitted); *see also LRT Record Servs., Inc. v. Archer*, No. 05-00-00324-CV, 2001 Tex. App. LEXIS 1447, at *2-3 (Tex. App.—Dallas Mar. 7, 2001, no pet.) (mem. op.) ("[S]weepingly broad requests for admission may not result in deemed admissions.").

**Effect of Request for Admission 2**

The Appellees argue that the conclusory statement contained in Request for Admission 2 may, as the sole evidence on the matter, properly support a $10 million default judgment for lost profits, a damages component typically requiring an extensive and fact-intensive inquiry. This request for admission, however, is the type of overly broad, merits-preclusive request that other courts have cautioned against. Request for Admission 2, asking Lucas to admit that the Appellees have suffered $10 million in damages, aimed to eliminate Lucas's ability to present a defense to the only element at issue, proof of unliquidated damages. This request is akin to a request that Lucas admit all allegations made in the Appellees' petition, including those regarding damages, as true. Such sweeping requests for admissions cannot be deemed judicial admissions, *see Birdo*, 842 S.W.2d at 701, nor can they provide any evidence to support a trial court's damages award.

In making this determination, we must also consider Texas Rule of Civil Procedure 243, requiring that, in unliquidated causes of action, the court "shall hear evidence as to damages and shall render judgment therefor." Tex. R. Civ. P. 243. Relying on an embedded request for admission that precludes any presentation of evidence on unliquidated damages undermines the spirit of Rule 243 and is not consistent with its purpose. Requests for admission were simply not

7

meant to be used in the way that the Appellees have used them here, i.e., to wholly preclude a defendant from presenting his defense. This is particularly true in the context of the heightened evidentiary standard required to prove lost profits. The reasonably-certain-evidence standard requires that estimates of lost profits be based on facts, figures, or data. Such estimates must be founded in objective facts and cannot be generic or conclusory in nature. *See Holt Atherton Indus., Inc.*, 835 S.W.2d at 84. Considering this increased evidentiary standard, coupled with Rule 243's requirement that the court hear evidence on unliquidated damages, this sweepingly broad request for admission is not sufficient to constitute conclusive evidence of the statement that it contains.

**Preservation of Issue on Appeal**

The Appellees argue that Lucas waived any objection to the request for admission when he failed to file a timely written objection to the response, as required by Rule 193.1. *See* Tex. R. Civ. P. 193.1 ("A party must make an objection to written discovery in writing—either in the response or in a separate document—within the time for response."). While it is true that typically any challenge to a request for admission must be in compliance with Rule 193.1, the facts at issue here present a unique situation. The question of a deemed admission's overbreadth only arises when a request for admission has been deemed admitted, which, by definition, occurs after a party has failed to timely respond or object to the request. No request for admission would be deemed admitted if the responding party had objected in writing within the parameters of Rule 193.1. Therefore, were we to require a party to object in writing to a request for admission's overbreadth in order to preserve the issue on appeal, no appellate court would ever face the issue. Several other courts of appeals have, however, squarely addressed whether a "sweepingly broad" request for

8

admission may become a deemed admission when a party fails to respond. *See In re Estate of Herring*, 970 S.W.2d at 589 (addressing "sweepingly broad" request for admission despite lack of Rule 193.1 objection); *Birdo*, 842 S.W.2d at 701 (same); *Powell*, 711 S.W.2d at 71 (same); *see also LRT Record Servs., Inc.*, 2001 Tex. App. LEXIS 1447, at *2-3 (same). In addressing this issue, none of these courts concluded that a Rule 193.1 objection was required.

We agree with our sister courts that no objection was necessary to reach the merits of the issue in this Court. This is true because the question before us is one of evidentiary sufficiency rather than procedural error. In viewing the effect of an overly broad request for admission, our analysis centers on whether a trial court is permitted to find that the request for admission irrefutably established the facts therein such that no additional evidence is required. In other words, the issue before us concerns whether an overly broad request for admission, deemed true by the trial court, would be legally sufficient evidence to support a trial court's judgment for unliquidated damages. A sufficiency of the evidence question does not require an objection at the trial court to be heard on appeal. *See* Tex. R. App. P. 33.1(d) (insufficiency of evidence complaint may be made for first time on appeal).

As no evidence other than this request for admission exists supporting the Appellees' claims for unliquidated damages or proving the foreseeability of such damages, *see Mood v. Kronos*, 245 S.W.3d 8, 12 (Tex. App.—Dallas 2007, pet. denied) ("[C]onsequential damages may not be recovered unless they are foreseeable and traceable to the wrongful act and result from it.") (citing *Stuart v. Bayless*, 964 S.W.2d 920, 921 (Tex. 1998)), the evidence is neither legally nor factually sufficient to support the default judgment's unliquidated damages award. *See City of*

*Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We sustain Lucas's second point on appeal.

Because we agree with Lucas that the evidence is insufficient to support the trial court's unliquidated damages award, we need not consider Lucas's first and third issues. *See* Tex. R. App. P. 47.1 (stating that court of appeals must only address issues necessary to final disposition of appeal).

## CONCLUSION

Because we hold that the evidence is legally and factually insufficient to support the trial court's damages award, we affirm the issuance of the default judgment, reverse that portion of the default judgment awarding the Appellees unliquidated damages, and remand the case for further proceedings consistent with this opinion.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed in Part; Reversed and Remanded in Part

Filed: June 15, 2011

10