Opinion issued December 15, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00943-CV

———————————

James Larry, Appellant

V.

City of PRAIRIE
View Board of Adjustment & Appeals, Appellee



 



 

On Appeal from the 506th District Court

Waller County, Texas



Trial Court Case No. 06-09-18499

 



 

MEMORANDUM OPINION

Plaintiff-appellant
James Larry appeals the trial court’s failure to award damages in conjunction
with a default judgment rendered against defendant-appellee
City of Prairie View Board of Adjustment & Appeals (Prairie View Board).  We affirm.

BACKGROUND

Larry sued the Prairie View Board alleging
that it did not follow the proper procedures for deeming a building he owns
“substandard” and ordering it be demolished. 


A.   Larry’s Claims

Larry’s verified Original Petition,
filed September 29, 2006, asserts that 
(1) he was not given information about why his building was considered
substandard, and (2) he was improperly denied the opportunity to repair the
building to remedy any code violations. 
According to Larry, the Prairie View Board’s actions with respect to his
property violated the Prairie View Code of Ordinances and were thus illegal and
violated his due process rights. 

B.  
Requested
Relief

Larry’s petition contained the
following prayer for relief:

WHEREFORE, Plaintiff’s [sic]
pray that the Defendant be duly cited to appear and answer herein; that upon a
final trial of this cause, Plaintiff is granted an injunction to prevent the
demolition of said premises and 

1.                
Judgment against Defendants for Plaintiff’s damages as set forth above,
in an amount within the jurisdictional limits of this Court;

2.                
Costs of court;

3.                
Attorney’s fees; and

4.                
Such other and further relief to which Plaintiff’s [sic] may be entitled.

C.  
Larry’s Motion for Default Judgment     

In 2010, Larry filed a motion for
default judgment alleging that the Prairie View Board had failed to answer
after being properly served and requesting that “the court grant[] this Motion
for Default Judgment and enter a default judgment against the Defendant.”  Attached to this motion was (1) proof of service
on the Prairie View Board, and (2) an affidavit setting forth the details and
dates of Larry’s various communications with the Prairie View Board’s
representatives and stating that the “actions and lack of response by the City
of Prairie View has affected the normal operations of my business activities
since 2006.” 

D.   The Trial Court’s Judgment  

On August 31, 2010, the trial court
held a hearing on Larry’s motion for default judgment.  Larry appeared and announced ready.  No one appeared on behalf of the Prairie View
Board.  Without hearing evidence, the
court deemed the allegations in Larry’s petition admitted and ruled that
“plaintiff is entitled to an injunction as prayed for.”  It thus ordered that the Prairie View Board
“desist and refrain from demolishing” Larry’s building “until defendant has
complied with the provisions of the Substandard Building Code as adopted by the
City of Prairie View City Council.”  The
court’s judgment did not award damages, as “[n]o damages ha[d] been prayed for,
nor presented, nor proven.”        

E.   Larry’s Motion for New Trial

Larry filed a motion for new trial
stating that he had “previously prayed for damages in his Original Petition,”
but “inadvertently did not include an affidavit concerning damages with his
motion for default judgment.”  He attached
an affidavit “concerning damages” and requested that the court grant his motion
for new trial and “enter a new default judgment which includes an award of
damages to Plaintiff.”  The attached
affidavit stated that “the actions and lack of response by the City of Prairie
View has affected the normal operations of my business activities since
2006.”  It further averred that he had
operated a towing business out of his building and that he had “suffered lost
profits of at least $4,234,862 from [his] inability to operate his towing
business” since 2006.[1]  The motion was overruled by operation of
law.   

PARTIES’ ARGUMENTS

Larry brings two issues on appeal:

1.     Did the City of Prairie View
Board of Adjustment & Appeals violate James Larry’s due process rights,
thereby causing damages?

2.     Did the Trial Judge deny
James Larry damages, caused by the City of Prairie View Board of Adjustments
& Appeals, which were prayed for in his original
petition?

Larry contends that the Prairie
View Board improperly interfered with his business operations by ordering his
building demolished and depriving him of an avenue to resolve the dispute.  He argues that he prayed for damages in his petition
that the trial court should have awarded to him in the default judgment.  He thus requests that this Court award him
$4,234,862.  

In response, the Prairie View Board
asserts that Larry’s request in his petition that he be awarded “damages as set
forth above in an amount within the jurisdictional limits of this Court” was
insufficient to provide fair notice of the damages Larry sought.  It points out that there are no damages “set
forth above” in the petition.  It thus requests
that we affirm the trial court’s judgment.     
    

APPLICABLE LAW

When a no-answer default is entered
against a party on an unliquidated claim, the
non-answering party is deemed to have admitted all facts properly pleaded,
except for the amount of damages. Texas
Commerce Bank, Nat’l Ass’n v. New, 3 S.W.3d 515,
516 (Tex. 1999); Holt Atherton Indus.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992);  Whitaker v. Rose, 218 S.W.3d 216, 220 (Tex
App.—Houston [14th Dist.] 2007, no pet.). 

“After a default judgment occurs, unliquidated damages, i.e., damages not expressly provided
for within a written instrument, must be proven to the trial court.”  Lucas v. Clark, 347 S.W.3d 800, 803 (Tex. App.—Austin 2011, no
pet.) (citing Tex.
R. Civ. P. 243).  Unliquidated damages can be proved up through an
evidentiary hearing or with affidavits.  Texas Commerce Bank, Nat’l Ass’n, 3 S.W.3d at 517.    

“Recovery for unliquidated
damages in the form of lost profits . . . requires that the injured party do
more than show that it suffered some lost profits.”  Lucas,
347 S.W.3d at 803. 
The amount of the loss must be shown by competent evidence with
reasonable certainty.  Heine, 835 S.W.2d at
84.  To meet this
reasonably-certain-evidence standard, opinions or estimates of lost profits
must, at a minimum, be based on objective facts, figures, or data from which
the amount of lost profits can be ascertained.  Id.

ANALYSIS

  Larry
complains that he requested in his petition an award of actual damages “in an
amount within the jurisdictional limits of this Court,” but was not awarded
lost profit damages by the trial court.  Absent
special exceptions, a plaintiff’s request for an award of damages “within the
jurisdictional limits of the court” is sufficient to provide notice pleading of
a claim for unliquidated damages.  Tex.
R. Civ. P. 47; see also Cont’l Sav. Ass’n v. Gutheinz, 718 S.W.2d 377, 383 (Tex. App.—Amarillo 1986, writ ref’d n.r.e.) (“[T]he pleadings met the requirement to state that the damages
sought exceed the minimum jurisdictional limits of the court.”).  

Whether Larry pleaded actual damages, however, is not the relevant inquiry
because pleadings cannot prove up unliquidated damages
in a default judgment. 
See Tex. R. Civ. P. 243.  In
his motion for default judgment, Larry did not request an award of damages.  He also failed to provide any evidence of
lost profit damages at the default judgment hearing or with supporting affidavits.  

The trial court did not err by not
awarding unliquidated lost profits damages to Larry
that were not requested nor proven up with evidence.  Larry purported to prove up his lost profits
for the first time with an affidavit attached to his motion for new trial.  We need not address the deficiencies in that
evidence or whether Larry otherwise satisfied the requirements for obtaining a
new trial based on new evidence[2] because Larry does not
argue here that the trial court abused its discretion by denying his motion for
new trial. 

CONCLUSION

   We
affirm the trial court’s judgment.

 

 

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

 











[1]
          The affidavit references attached “financial
statements.”  It is not apparent,
however, if or how the lost profits amount of $4,234,862 was derived from the
attached one-page income statement for Black Cat Towing and Recovery reflecting
revenues, expenses, and net income before taxes for the years 2002–2005.  





[2]
          See, e.g., Chapman v. Abbot, 251 S.W.3d 612, 620 (Tex. App.—Houston [1st
Dist.] 2007, no pet.) (“A party who seeks a new trial on the ground of
newly discovered evidence must satisfy the court that (1) the evidence has come
to his knowledge since the trial, (2) it was not owing to want of due diligence
that the evidence did not come to his attention sooner, (3) the evidence is not
cumulative, and (4) the evidence is so material that it would probably produce
a different result if a new trial were granted.”).