ACCEPTED
13-15-00289-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/16/2015 6:57:57 PM
Dorian E. Ramirez
CLERK

IN THE COURT OF APPEALS
FOR THE THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

10/16/2015 6:57:57 PM

DORIAN E. RAMIREZ
Clerk

No. 13-15-00289-CV

_____

PAUL P. BLACK
Appellant,


v.


FIRST COMMUNITY BANK
Appellee.

_____


On Appeal from Nueces County Court at Law #1
Trial Court Cause No. 2011-CCV-62433-1

_____

**APPELLANT'S BRIEF**

_____

ANDY TAYLOR
State Bar No. 19727600
Andy Taylor & Associates, P.C.
2668 Highway 36S, #288
Brenham, Texas  77833
Telephone:  (713) 222-1817
Facsimile:  (713) 222-1855
ataylor@andytaylorlaw.com

COUNSEL FOR APPELLANT

**APPELLANT REQUESTS ORAL ARGUMENT**

1

# IDENTITY OF PARTIES AND COUNSEL

1.  Appellant:
    Paul P. Black

    Counsel for Appellant:
    ANDY TAYLOR & ASSOCIATES, P.C.
    Andy Taylor
    State Bar No. 19727600
    2668 Highway 36S, #288
    Brenham, Texas 77833
    Telephone:  (713) 222-1817
    Facsimile:  (713) 222-1855
    ataylor@andytaylorlaw.com

2.  Appellees:
    First Community Bank

    Counsel for Appellee:
    ANDERSON, LERHMAN, BARRE, MARAINST, LLP
    Denny Barre
    State Bar No. 01805280
    Gaslight Square
    1001 Third Street, Ste 1
    Corpus Christi, TX  78404
    Telephone:  (361) 884-4981
    Facsimile: (361) 883-4079
    dbarre@albmlaw.com

# TABLE OF CONTENTS

Identity of Parties and Counsel..............................................................................2

Table of Contents ....................................................................................................3

Index of Authorities................................................................................................4

Statement of the Case .............................................................................................4

Issues Presented .......................................................................................................4

Statement of Facts ...................................................................................................5

Summary of the Argument......................................................................................8

Argument and Authorities ......................................................................................9

Prayer .......................................................................................................................15

Certificate of Service ..............................................................................................15

Certificate of Compliance ......................................................................................16

Appendix................................................................................................... Attached

# INDEX OF AUTHORITIES

**Authority**                                                                **Page**

*Custom Transit, L.P. v. Flatrolled Steel, Inc.,*
    375 S.W.3d 337 (Tex. App. Houston 14th Dist. 2012) ...........................11

*Lucas v. Clark,*
    347 S.W.3d 800, 803-04 (Tex.App.--Austin 2011, pet. denied)……..14

*Marhaba Partners Ltd. P'ship v. Kindron Holdings, LLC,*
    2015 Tex. App. LEXIS 805, 8-9
    (Tex. App. Houston 14th Dist. Jan. 29, 2015) .........................................10

*Moayedi v. Interstate 35/Chisam Rd., L.P.,*
    438 S.W.3d 1, 4-5 (Tex. 2014) ......................................................................9

*Taiwan Shrimp Farm Village Ass 'n v. U.S.A. Shrimp Farm Dev.,*
  915 S.W.2d 61, 71 (Tex. App. Corpus Christi 1996)……………………….12

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of underlying proceeding:* | Suit for money allegedly due on a Promissory Note. |
| *Action from which relief requested:* | Judge Vargas of the Nueces County Court at Law No. 1 granted Appellee's No Evidence and Traditional Motion for Summary Judgment on April 1, 2015. (App. Tab 1). |

## ISSUE PRESENTED

Did the Trial Court err in granting summary judgment in favor of the

Appellee Bank where the Appellant Debtor/Owner of the collateral plead

and raised a genuine issue of material fact as to the fair market value of the collateral?

<strong><u>STATEMENT OF FACTS</u></strong>

Appellant Paul Black executed a promissory note ("Note #6272" or the "Note"), deed of trust and modification agreement. CR 42-CR 57. Appellee First Community Bank is the owner and holder of Note #6272. To secure the debt created by this note, Appellant Black granted Appellee a security interest in Lot One B (lB), Block One (1), MARSDEN PLACE, a Subdivision of the City of Corpus Christi, Nueces County, Texas, as further described in the deed of trust.

Appellant Black thereafter defaulted in the payment of Note #6272. Appellee Bank made demand for payment and gave notice of its intent to sell the collateral at a foreclosure sale. CR 87-CR 90. Appellee Bank then disposed of the collateral and applied the sales proceeds to the note. CR 40. At the foreclosure sale, Appellee Bank made a credit bid of $405,000.00, which left a substantial deficiency remaining under the Note. Appellee Bank then pursued Appellant Black for the alleged deficiency by filing the lawsuit which is now the subject of this appeal.

In response to the deficiency suit, Appellant Black asserted a right to an offset or credit on the basis that the fair market value of his property, at the time of foreclosure, was in excess of the claimed deficiency. CR 254. Appellant Black also filed a motion seeking a fair market value determination. CR 158.

Appellee Bank eventually filed a motion for summary judgment. CR 62. Appellant Black thereafter filed his response to Appellee's motion for summary judgment asserting a right to a credit or offset to Appellee Bank's alleged deficiency claim under Texas Property Code 51.003 (c). CR 158, 366. Appellant Black also submitted a sworn affidavit, as the owner of the real property, that the fair market value was $1,155,000.00. More specifically, the affidavit contained the following statements:

> "In 2008 until the foreclosure in early 2012, I owned two neighboring lots (the subject lot was unimproved and the other was contained my homestead) on Ocean Drive in Corpus Christi, Texas. These lots were Marsden Place Block 1 Lot 1-B (the "1-B" lot) and Marsden Place Block 1 Lot 2-A. I purchased these lots for *$850,000.00* and $2,030,000.00 respectively.
>
> The 1-B lot is an unimproved, vacant, residential lot on the bay side of Ocean Drive. At the time of the purchase of the 1-B lot, I learned that it was appraised by the bank for $850,000.00.
>
> During the time I lived on the property, I kept up with property values in the area and based upon such knowledge I believe the

6

fair market value of the 1-B lot was $1,155,000.00 as of the time of foreclosure.

In 2011 (which became effective in 2012), I combined the 1-B lot with the 2-A lot which contained my homestead.

Around the time of the foreclosure, the appraisal district removed the homestead exemption and separated the lots. After this split, lot 1-B was the same lot, with the same dimensions, and same location as before the split. The value was the same as before the split.

At the time of the foreclosure lot 1-B was worth $1,155,000. However, the bank foreclosed on the Note and Deed of Trust and purchased it for a mere $405,000.00."

CR 375 ("Affidavit of Paul Black").

Appellee Bank attempted to avoid Appellant Black's response by arguing two things. First, Appellee Bank argued that Appellant Black's prior attorney's failure to respond and deny a request for admission on how much was owed as a deficiency constituted a deemed admission. Second, Appellee Bank argued that Appellant Black's affidavit should be ignored because his attorney had not designated Appellant Black as an expert witness in response to propounded discovery requesting the identification of experts. In response, Appellant Black provided good cause for why the request for admission should not be deemed against

7

him, filed a denial to that particular request for admission, and asked that any such deemed admission be stricken for the reasons explained therein.

The Trial Court never entered any written orders on any of these issues, but simply signed a final summary judgment without further explanation.

## SUMMARY OF ARGUMENT

The Trial Court erred in granting summary judgment in favor of the Appellee Bank where Appellant, who was the owner of the real property that was the collateral for the Note, plead and raised a genuine issue of material fact as to the fair market value of the collateral. The Trial Court never entered a written order that Appellant Black's affidavit should be stricken, and never ordered that his attorney's alleged failure to timely respond and deny a request for admission was indeed an admission to be deemed against him. Although Rule 198.2(c) provides that no court order is required to deem a request for admission against a non-responder, there must first be a court finding that there was indeed a failure to timely serve a response. Where, as here, the evidence clearly demonstrated a fact issue of when the discovery request was sent, and when it was due, coupled with a denial of same and sworn evidence explaining the confusion

8

surrounding the situation, the predicate finding of "not timely served" within the meaning of Rule 198.2(c) was not proven as a matter of law. As a result, a written order would have been required, but the Trial Court did not enter one. Accordingly, Appellant's affidavit raised a genuine issue of material fact, and it was error for the Trial Court to grant summary judgment in favor of Appellee Bank. This case should therefore be reversed remanded to the Trial Court for further proceedings.

## **ARGUMENT**

### I.
### Appellee Bank Had No Incentive to Pay Market Value

Texas courts widely view a bank's bid at a foreclosure sale with suspicion. The Supreme Court in *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 4-5 (Tex. 2014) made this clear:

> "When lenders are the sole bidders at a foreclosure sale, they can control the foreclosure sale price and by implication the deficiency judgment. **There is little incentive for them to bid high when a low bid preserves the amount they might get in a judgment against the borrower.** Thus, the nonjudicial foreclosure sale often does not directly represent what a buyer might pay in the market." (emphasis added)

Earlier this year the 14th Court of Appeals cited this same case in *Marhaba Partners Ltd. P'ship v. Kindron Holdings, LLC,* 2015 Tex. App. LEXIS 805, 8-9 (Tex. App. Houston 14th Dist. Jan. 29, 2015), when it said:

> "The legislature created this mechanism in recognition that **post-foreclosure deficiencies artificially can be inflated because 'the nonjudicial foreclosure sale often does not directly represent what a buyer might pay in the market."'** *Moayedi*, 438 S.W.3d at *5*. When the lender is the sole bidder, it has little incentive to bid high." (emphasis added).

## II.
## Appellee Bank's Acts Demonstrate Intent to Create Deficiency

Appellant Black asked the Trial Court—and now asks this Honorable Court--to take notice that this suit was filed before the non-judicial foreclosure took place. CR 6, CR 96-CR 98. The only way the bank could have known, prior to conducting the foreclosure sale, that it could file a lawsuit and pursue a deficiency claim is if it intended to create one. Thus, the Court must look at the amount bid at the foreclosure sale with the upmost suspicion. Indeed, it is obvious that the Appellee Bank, as the sole bidder, had no reason to make a credit bid that was even close to fair market value. That being the case, the Appellee Bank's $405,000.00 bid reflects the Bank's attempt to preserve what it might get in a judgment against Appellant Black. As the Appellee Bank knew its intention to

underbid even before it sold the property, its credit bid at the foreclosure sale in no way reflects the market value of the property.

## III.
## Appellant Black Is Qualified As An Expert On His Own Property

Although the Trial Court never ruled on the issue, Appellee Bank argued that only an expert is allowed to value the property. CR 175-CR 178. However, Texas courts recognize what is known as the "Property Owner's Rule". In *Custom Transit, L.P. v. Flatrolled Steel, Inc.*, 375 S.W.3d 337, 352 (Tex. App. Houston 14th Dist. 2012), the court examined the Property Owner's Rule, holding as follows:

> "Custom Transit's speculation challenge to Bollman's testimony focuses on the **Property Owner Rule, under which "a property owner is qualified to testify to the value of her property even if she is not an expert and would not be qualified to testify to the value of other property."** *Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 852-53 (Tex. 2011) (citing *Porras v. Craig,* 675 S.W.2d 503, 504 (Tex. 1984)). **"The rule is based on the presumption that an owner will be familiar with her own property and know its value."** *Speedy Stop*, 337 S.W.3d at 853. **The Texas Supreme Court has applied this principle to valuation of real property,** *see id* ; the supreme court also has applied it to valuation of personal property. *See Redman Homes, Inc. v. Ivy,* 920 S.W.2d 664, 668-69 (Tex. 1996); *see also Taiwan Shrimp Farm Village Ass 'n, Inc. v. U.S.A. Shrimp Farm Dev., Inc.,* 915 S.W.2d 61, 71 (Tex. App.-Corpus Christi 1996, writ denied), cited with approval in *Speedy Stop,* 337 S.W.3d at 853." (emphasis added).

11

In addition, the Corpus Christi Court of Appeals encountered this issue in the case of *Taiwan Shrimp Farm Village Ass 'n v. U.S.A. Shrimp Farm Dev.*, 915 S.W.2d 61, 71 (Tex. App. Corpus Christi 1996). The Court held that "[A] property owner can testify to market value as long as testimony shows it refers to market value and not intrinsic value." Id.

In the Trial Court, Appellant Black filed an affidavit providing the sworn basis for his non-expert owner's opinion as to the value of the collateral at the time the Appellee Bank foreclosed. CR 375. In his affidavit, Appellant Black states that the value of the property is $1,155,000.00. As the property owner, he is qualified to testify about the value of the property, and disclosure of his identity or opinions in response to an expert witness discovery request was not required. In any event, the Trial Court did not enter a written order on this subject, so, for purposes of this appeal, Appellant Black asserts that his affidavit was properly before the Trial Court and necessarily created a genuine issue of material fact. His testimony is consistent with the Supreme Court's reasoning in *Moayedi*, cited above. Namely, that the bank made a low bid, not because it was consistent with the value of the property, but to bring a cause of action against Appellant Black for an artificially-created deficiency.

## IV.
## No Deemed Admission Occurred Under The Circumstances

Although Rule 198.2(c) provides that no court order is required to deem a request for admission against a non-responder, there must first be a court finding that there was indeed a failure to timely serve a response. Where, as here, the evidence clearly demonstrated a fact issue of when the discovery request was sent, and when it was due, coupled with a denial of same and sworn evidence explaining the confusion surrounding the situation, the predicate finding of "not timely served" within the meaning of Rule 198.2(c) was not proven as a matter of law. As a result, a written order would have been required, but the Trial Court did not enter one. Accordingly, Appellant's affidavit raised a genuine issue of material fact, and it was error for the Trial Court to grant summary judgment in favor of Appellee Bank.

Even if the evidence mandates a finding that no timely response was made to Appellee Bank's request for admission, which Appellant Black denies, it would still be error to deem an admission on an outcome-determinative issue, particularly where, as here, the issue had been plead, sworn proof submitted by way of affidavit, a motion requesting a fair

market determination had been filed, and a reasonable sworn explanation had been provided over the confusion about what had been served and when a response was due. As explained in the case of *Lucas v. Clark,* 347 S.W.3d 800, 803-04 (Tex.App.--Austin 2011, pet. denied):

> The primary purpose of requests for admissions is to "simplify trials by eliminating matters about which there is no real controversy." (citation omitted). They were never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense. Id. Courts have cautioned that litigants should not be allowed to use requests for admissions as a tool to trap their opposition. (citation omitted). The rule regarding requests for admissions "was designed, not as a trap to prevent the presentation of the truth in a full hearing but as a tool for the fair disposition of litigation with a minimum of delay." (citation omitted). When a party uses deemed admissions to try to preclude presentation of the merits of a case, however, due process concerns may arise. Therefore, overly broad, merits-preclusive requests for admissions are improper and may not result in deemed admissions. (citations omitted).

For the above stated reasons, the Trial Court erred in granting the Appellee Bank's Motion for Summary Judgment as there was a genuine fact issue and Appellee is not entitled to judgment as a matter of law. Specifically, Appellee Bank's lack of incentive, low bid, and Appellant Black's affidavit created a material issue of fact.

14

## PRAYER

Appellant Paul Black seeks a reversal and remand for a new trial against Appellee Bank.  Appellant Black seeks all further and other relief to which they may show themselves to be justly entitled.

Respectfully Submitted,

Andy Taylor & Associates, P.C.

BY:  /s/ Andy Taylor
Andy Taylor
State Bar No.  19727600
2668 Highway 36 S, #288
Brenham, Texas  77833
713-222-1817 (telephone)
713-222-1855 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the electronic filing system on the following on this the 16th day of October, 2015.
Denny Barre
Anderson, Lerhman, Barre, Marainst, LLP
Gaslight Square
1001 Third Street, Ste 1
Corpus Christi, TX  78404

/s/ Andy Taylor

## CERTIFICATE OF COMPLIANCE

I, Andy Taylor, Counsel for Appellant certify that this document was generated by a computer using Microsoft Word which indicates that the word count of this document is 2,807using Book Antiqua, 14 pt for text and 12 pt for footnotes.

/s/ Andy Taylor

# **Appendix**

**Tab**   **Description**

1      Order of Trial Court granting Motion for Summary Judgment

# TAB 1

Cause No. 2011-CCV-62433-1

| FIRST COMMUNITY BANK | § | IN THE COUNTY COURT |
| vs. | § | AT LAW NO. 1 |
| PAUL P. BLACK | § | NUECES COUNTY, TEXAS |

## FINAL SUMMARY JUDGMENT

At the hearing on Plaintiff's Amended Motion for Traditional Summary Judgment and Motion for No Evidence Summary Judgment in this cause, the Plaintiff and the Defendant appeared through their attorneys of record.

The Court has considered the pleadings and official records on file in this cause, and the summary judgment evidence, and finds that there is no genuine issue about any material fact and that Plaintiff is entitled to judgment as a matter of law.

It is accordingly, ORDERED, ADJUDGED and DECREED that First Community Bank, Plaintiff, recover from Paul P. Black, Defendant, judgment for:

1) $339,972.12 as of September 16, 2014, plus additional prejudgment interest at the per diem rate of $111.91 commencing September 17, 2014 through the date preceding the date of judgment;

2) $36,196.69 as reasonable and necessary attorney's fees;

3) In the event of appeal to the Court of Appeals and such appeal is unsuccessful, the additional sum of $7,500.00 as reasonable and necessary attorneys' fees; in the event an application for Writ of Error is made to the Supreme Court of Texas but such application is denied, dismissed or refused, the additional sum of $7,500.00 as reasonable and necessary attorney's fees; in the event an application for writ of error

is granted by the Supreme Court of Texas, the additional sum of $7,500.00 as reasonable and necessary attorney's fees if such application for writ of error is unsuccessful;

3) Interest at the rate of 17.5% per year on the total Judgment commencing one day after the date the Judgment is signed until fully paid; and

4) All costs of court.

It is further ORDERED that this Judgment is final, disposes of all claims and all parties and is appealable. Plaintiff shall be allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment. All relief not expressly granted herein is denied.

Signed this ___1___ day of ___April___ 2015.

_____
JUDGE PRESIDING

N:\Kevin\FCB-Collection 2011\Black, Paul\MSJ\Amended MSJ - No Ev MSJ\MSJ Order.3.24.15.wpd