**Kae STUART f/k/a Kae Sandifer Chamberlain, Petitioner,**

v.

**Bobbie BAYLESS, Bayless & Stokes and Burta Rhoads Raborn, Respondents.**

No. 96–1298.

Supreme Court of Texas.

March 13, 1998.

Randall J. Cook, Gregory D. Smith, Andy G. Navarro, Tyler, Charles R. Dunn, Chris C. Pappas, Houston, Steven D. Strickland, Belaire, Sarajane Milligan, James D. Smith, Houston, for Petitioner.

Julius Glickman, Houston, Eddie M. Krenek, Katy, Bobbie G. Bayless, Spencer W. Creed, Buta Rhoads Raborn, Houston, for Respondents.

## OPINION

PER CURIAM.

In this case, we address whether, in a fee dispute between a lawyer and a client, a lawyer may recover, in addition to the fees owed, lost contingency fees from other cases. We conclude that in this case lost contingency fees were not reasonably foreseeable and thus are not recoverable. Accordingly, we reverse the judgment of the court of appeals in part and affirm in all other respects. 945 S.W.2d 131.

Burta Rhodes Raborn, Bobbie Bayless, and the law firm of Bayless & Stokes (B & S) represented Kae Stuart in a divorce proceeding and in two subsequent cases arising out of that divorce. Ultimately, Bayless, B & S, and Raborn (Plaintiffs) sued Stuart to recover their unpaid legal fees and expenses and also sought damages for slander. Stuart counterclaimed and asserted, among other claims, breach of contract, breach of fiduciary duty, and legal malpractice. The jury found that Stuart had breached her contracts with Plaintiffs and had committed fraud but failed to find that Stuart had slandered any of the Plaintiffs. The jury rejected Stuart's counterclaim. The trial court rendered judgment against Stuart in accordance with the verdict. In addition to an award for fees due under the fee agreements between Stuart and Plaintiffs, the trial court awarded B & S $500,000 in lost contingent fees that B & S contended it would have earned from other cases. The trial court also awarded mental anguish and punitive damages.

On appeal, the court of appeals held that there was no evidence of fraud and deleted the awards for mental anguish and punitive damages. The court of appeals affirmed the trial court's judgment in all other respects, including the award of lost contingent fees.

Both Stuart and Plaintiffs filed applications for writ of error in this Court. We address only the question of whether lost contingency fees were recoverable by B & S, and because of our disposition of that issue, we do not consider whether the evidence was legally sufficient to establish that B & S did in fact forego contingency fees it otherwise would have collected.

B & S offered evidence that it pays its overhead and expenses out of collections from clients who are charged for legal services based on hourly rates. B & S also accepts some contingent fee matters. B & S contended at trial that as long as the firm is able to collect the hourly rate fees from clients, it can financially afford to take on contingent fee cases. B & S took the position that Stuart's failure to pay the fees she owed resulted in the firm's inability to take on contingent fee matters.

B & S was awarded lost contingency fees as consequential damages arising out of Stuart's breach of contract. Consequential damages are those damages that "result naturally, but not necessarily, from the defendant's wrongful acts." *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex.1997). They are not recoverable unless the parties contemplated at the time they made the contract that such damages would be a probable result of the breach. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex.1981) (citing *Hadley v. Baxendale*, 9 Ex. Ch. 341, 354 (1854)). Thus, to be recoverable, consequential damages must be foreseeable and directly traceable to the wrongful act and result from it. *Arthur Andersen*, 945 S.W.2d at 816; *Mead*, 615 S.W.2d at 687. We conclude that as a matter of law this type of injury was not foreseeable under the facts presented here. Indeed, it would be a rare case in which an attorney or law firm could demonstrate that the failure of a client to pay its bills gave rise to a recovery of contingent fees that might have been earned from other clients. The fee agreement between B & S and Stuart makes no mention of this possibility and certainly contains no agreement to pay damages for the loss of potential contingent fees from

other client matters. Because such a loss was not reasonably foreseeable, the $500,000 awarded for lost contingent fees was not a proper element of recovery. The court of appeals erred in affirming this award.

Accordingly, we grant Stuart's application for writ of error, deny the cross-application of B & S, and, without hearing oral argument, reverse the judgment of the court of appeals to delete the award for lost contingent fees. We affirm the judgment of court of appeals in all other respects. TEX.R.APP. P. 59.1.