# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2022

Lyle W. Cayce
Clerk

No. 21-20310

T & C Devine, Ltd.; Judith Westbrook McGuffee,

*Plaintiffs—Appellants*,

*versus*

Stericycle, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3124

Before Higginbotham, Southwick, and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:*

In 2012, T & C Devine, Ltd. entered into a five-year amended agreement with Stericycle, Inc. to license Devine's medical-waste disposal technology in Texas.[1] Devine argues that Stericycle breached the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Thomas Devine licensed medical technology to Med-Shred from 2003 to 2009. In 2009, Stericycle merged with Med-Shred's parent company and assumed Med-Shred's

No. 21-20310

agreement's terms because Stericycle failed to provide data on the technology's costs and expenses. Devine claims it was unable to license its equipment to other parties because it lacked that data. Stericycle responds, *inter alia*, that (1) it did not breach the terms of the agreement; (2) if it did breach the terms of the agreement, it is not liable for Devine's consequential damages because those damages were not foreseeable; and (3) Devine waived its rights to enforce the allegedly breached terms.

On summary judgment, the district court agreed with Stericycle's second and third arguments and dismissed Devine's suit.[2] Devine timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. "We review a grant of summary judgment *de novo* under the same standard applied by the district court." *City of Shoreacres v. Waterworth*, 420 F.3d 440, 445 (5th Cir. 2005). "We may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). We AFFIRM on the ground that Devine's consequential damages were not foreseeable.

Texas law requires that consequential damages be foreseeable at the time of contracting. *Signature Indus. Servs., LLC v. Int'l Paper Co.*, 638 S.W.3d 179, 184 (Tex. 2022); *accord Basic Cap. Mgmt., Inc. v. Dynex Com., Inc.*, 348 S.W.3d 894, 901 (Tex. 2011) ("Foreseeability is a fundamental prerequisite to the recovery of consequential damages for breach of contract."). "A loss that is not the probable consequence of the breach, from the breaching party's perspective at the time of contracting, is not

---

obligations under its licensing agreement with Devine. In 2012, Devine formed T & C Devine, Ltd. and executed the amended agreement which is the basis for this litigation.

[2] The district court did not reach the first argument.

No. 21-20310

foreseeable." *Signature Indus. Servs.*, 638 S.W.3d at 186 (quotation omitted); *accord id.* ("[C]onsequential damages are not recoverable unless the parties contemplated at the time they made the contract that such damages would be a probable result of the breach." (quoting *Stuart v. Bayless*, 964 S.W.2d 920, 921 (Tex. 1998)).

At the crux of this litigation is a provision of the 2012 agreement titled ANNUAL REPORT, which reads,

> Licensee [Stericycle] agrees to deliver to Licensors [Devine] annually, within ninety (90) days following the end of Licensee's fiscal year, a report covering the previous fiscal year's operation of Processors and the use of the Technology by Licensee Group (the "Annual Report"). . . . All information obtained by licensors in any Annual Report, any audit or in any other manner shall be retained in the highest degree of confidentiality.

Devine argues, and Stericycle denies, that the Annual Reports were required to include cost and expense information related to the operation and use of the licensed technology. But we will assume *arguendo* that Stericycle was required to include cost and expense information in the Annual Reports, and it is undisputed that Stericycle never provided any Annual Reports.

Even still, Stericycle could not have foreseen Devine's damages, allegedly caused by Devine's inability to use the cost and expense data to solicit potential licensees, because the 2012 agreement prohibited Devine from using the cost and expense data for such purposes without Stericycle's consent. The Annual Report provision states, "All information obtained by [Devine] in any Annual Report . . . shall be retained in the highest degree of confidentiality." The agreement later states, "Neither party may disclose the other party's Confidential Information to any third party without the other

3

No. 21-20310

party's prior written approval." Accordingly, Devine's damages were not a probable consequence of the breach from Stericycle's perspective at the time of contracting because it was not foreseeable that failing to provide *confidential* cost and expense data would deprive Devine of the opportunity to *share* that information with potential licensees.

Devine offers three arguments in rebuttal. First, Devine relies on the first sentence of the following provision:

> CONFIDENTIAL INFORMATION. [1] The receiving party may use the disclosing party's Confidential Information as such use is necessary and appropriate in connection with the receiving party's business and operations or in the performance of the receiving party's obligations under this Agreement but in no other manner. [2] Any use by the receiving party of the disclosing party's Confidential Information other than as aforesaid shall require the written consent of the disclosing party. [3] Neither party may disclose the other party's Confidential Information to any third party without the other party's prior written approval . . . .

Devine argues its desired use of the cost and expense data would be "necessary and appropriate" in connection with its business and operations, which include licensing its technology. Such use is therefore permissible according to the first sentence. But Devine's reading cannot account for the third sentence of this provision, which makes clear that disclosure of confidential information to third parties does not fall under the permissive umbrella of the first. In its reply brief, Devine suggests that the first and third sentences are "conflicting provisions" that create an ambiguity that must be resolved by a jury. But that is implausible. The third sentence merely clarifies

that the "business and operations" at issue in the first sentence do not include marketing to third parties.

Second, Devine notes that the 2012 amended license agreement provides, "All capitalized terms contained herein shall have the meaning set forth in the [2005] License Agreement unless otherwise stated herein." It argues in turn that the definition of Confidential Information in the 2005 License Agreement does not make room for the cost and expense data at issue here. We need not engage this argument or reproduce the long and capacious definition contained in the 2005 agreement, however, because the 2012 agreement's definitional provision allows for modification ("unless otherwise stated herein"), and the Annual Reports provision is explicit that all information in the Annual Reports "shall be retained in the highest degree of confidentiality." We cannot accept that this information is something less than "Confidential Information."

Finally, Devine argues that it put Stericycle on notice of its intention to relicense the technology because the 2012 agreement allowed Devine to market the technology outside of Texas. But even if Stericycle were on notice of Devine's intent to relicense the technology, it does not follow that Stericycle was on notice of Devine's intent to use confidential cost and expense information in the Annual Reports to do so.

We conclude that the district court was correct to dismiss Devine's suit because its consequential damages were not foreseeable.

AFFIRMED.