**Affirmed in Part, Reversed in Part, and Remanded and Memorandum Opinion filed December 6, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00731-CV

---

### TERENCE JONES, Appellant

### V.

### BEST STORAGE CENTER (AKA BEST STORAGE), RICHARD PICKARD, MIKAYLA'S LLC, RICHARD PICKARD D/B/A BEST STORAGE CENTER, MIKAYLA'S, LLC D/B/A BEST STORAGE CENTER, UNKNOWN "BUYER" (DOE 1), AND DOES (2-10), Appellees

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2019-67454**

---

### MEMORANDUM OPINION

Appellant Terence Jones ("Jones") appeals the trial court's judgment granting the no-evidence motion for summary judgment filed by appellee Richard Pickard d/b/a Best Storage Center (a/k/a Best Storage Center) ("Pickard"). In two issues, Jones argues the trial court erred when it granted the motion because (1) it

granted relief as to other defendants besides Pickard, and (2) Jones raised a fact issue as to his breach of contract claim. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

On September 17, 2019, Jones filed suit pro se and in forma pauperis against Pickard and Best Storage Center,[1] asserting claims for breach of contract, breach of implied duty of care, negligent infliction of emotional distress and mental anguish, invasion of privacy, conversion, and violation of the Deceptive Trade Practices Act. Jones amended his petition multiple times, but ultimately his live petition included the following additional defendants: Mikayla's LLC; Mikayla's LLC d/b/a Best Storage Center; any other parties doing business as Best Storage Center; the unknown "Buyer"; any other potential "Doe" parties; First Fidelity Bank, NA; First Fidelity Bancorp., Inc; and First Fidelity Bank. Jones asserted the following claims against all defendants: breach of contract; "No Contract – Invalid Contract," "Securing Execution of Document by Deception"; breach of implied duty of care; breach of fiduciary duty; negligent infliction of emotional distress and mental anguish; intentional infliction of emotional distress and mental anguish; invasion of privacy; negligence; negligence per se; gross negligence; breach of bailment; conversion; trespass to property; theft and violation of the Texas Theft Liability Act; fraudulent concealment; fraud; credit/debit card fraud; identity theft; stalking/harassment; violation of the Texas Debt Collections Act; violation of the Self Storage Lien Act; misappropriation of trade secrets; misapplication of fiduciary property; violation of the Deceptive Trade Practices Act; spoliation; fraudulent destruction, removal, concealment of documents; and "Other Counts Per

---

[1] In his initial petition, Jones listed Pickard and Best Storage Center as separate defendants. In his live pleading, Jones listed Pickard as the owner of "Best Storage" and also named Pickard as Pickard d/b/a Best Storage Center.

2

Defendant's 'Rental Agreement' Document."

Pickard first filed a traditional motion for summary judgment, advancing the statute of limitations as an affirmative defense to Jones's tort claims and addressing Jones's claims for invasion of privacy; intentional infliction of emotional distress; negligence per se, negligent infliction of emotional distress, and gross negligence; conversion; breach of bailment; theft liability act; DTPA violations; Texas Debt Collection Act; and violation of the Texas Self-Storage Lien Act. Pickard filed a second traditional motion for summary judgment arguing that the economic loss rule barred Jones's tort claims, as well as Jones's claims for misrepresentation, fraud, and violation of the DTPA. This second motion also argued that Jones was barred from recovering any mental anguish damages and that the spoliation cause of action was invalid. The trial court granted both of Pickard's traditional summary judgment motions on July 23, 2021.

Pickard subsequently filed a no-evidence motion for summary judgment, challenging elements of Jones's causes of action for breach of contract; trespass to property; identity theft; credit card fraud "and/or" fraudulent destruction, removal, and concealment of documents; "stalking/harassment"; misapplication of fiduciary property; and "Other Counts Per Defendant's 'Rental Agreement' Document." As to Jones's breach of contract claim, Pickard's no-evidence motion argued that Jones did not produce any evidence of damages or of a breach of the lease agreement by Pickard. Jones's appeal only challenges the dismissal of his breach-of-contract claim against Pickard.

Jones's third amended response to Pickard's no-evidence motion asserted, in relevant part, that Pickard "breached the implied contract by discontinuing the storage of [Jones's] property without [Jones's] consent and without authority to do so." Jones also argued that there was evidence of a breach of contract because he

3

and Pickard agreed to a monthly rent of $75 but Jones was charged $83. Regarding damages, Jones argued that he "lost his property stored at Best Storage Center causing a variety of damages including the loss of the property itself, irreplaceable property the value of which [Jones] must opine on, significant mental anguish, and time and money spent in trying to rectify the issue." Jones attached fourteen exhibits to his response, including four unsworn declarations by Jones, an "affidavit" by Jones, and an unsworn business records declaration by Jones.

Pickard filed a reply and objected to two of Jones's unsworn declarations and Jones's business records declaration (exhibits eight, nine, and ten) on multiple grounds and objected to invoices Jones attached on the basis that they were unauthenticated. Pickard also filed a response to Jones's third amended response. Pickard argued that Jones's argument concerning the change in the price of rent did not raise an issue of fact as to damages because Jones's factual assertions in his petition failed to mention a price increase.

On September 16, 2021, the trial court granted Pickard's no-evidence motion, struck Jones's summary judgment evidence, dismissed all of Jones's causes of action "through Summary Judgment," and dismissed Jones's suit with prejudice. This appeal followed.

## II.   STANDARD OF REVIEW

After an adequate time for discovery, a party may move for a no-evidence summary judgment asserting that no evidence exists to support one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *see LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the challenged elements of his claim. Tex. R. Civ. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582

(Tex. 2006). The granting of a no-evidence summary judgment is improper if the nonmovant brings forth more than a scintilla of probative evidence raising a genuine issue of material fact. *Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

"Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *Id.* Unless the nonmovant raises a genuine issue of material fact, the trial court must grant summary judgment. Tex. R. Civ. P. 166a(i).

We review a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We view the evidence in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

We review a trial court's evidentiary ruling for an abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 728 (Tex. 2016). A trial court abuses its discretion if it rules in an arbitrary manner or without reference to guiding rules and principles. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

### III.    DISMISSAL OF DEFENDANTS OTHER THAN PICKARD

In his first issue, Jones argues the trial court erred when it dismissed his claims against all defendants other than Pickard when the trial court granted Pickard's no-evidence motion because the claims against the other defendants were

not raised in the motion. *See* Tex. R. Civ. P. 166a(i). Pickard argues on appeal that the dismissal of Jones's causes of actions against the other defendants may be affirmed on two bases: (1) the trial court dismissed Jones's causes of action against the other defendants under Texas Rule of Civil Procedure 165a based on want of prosecution, and (2) the trial court dismissed Jones's causes of action against the other defendants under Texas Civil Practice and Remedies Code § 13.001, the pro se litigant statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.001; Tex. R. Civ. P. 165a.

A case may be dismissed for want of prosecution on the failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Tex. R. Civ. P. 165a(1). As to Pickard's argument that the trial court dismissed Jones's claims against all other defendants for want of prosecution, we note that the trial court's judgment states that it dismissed Jones's causes of action "through Summary Judgment." Because the trial court's judgment does not provide that Jones's claims against the other defendants were dismissed for want of prosecution, we reject this argument. *See* Tex. R. Civ. P. 165a(1), 166a(i).

Under Civil Practice and Remedies Code § 13.001, a court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that (1) the allegation of poverty in the affidavit is false; or (2) the action is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a). We reject Pickard's argument that the trial court's dismissal of Jones's causes of action against the other defendants may be affirmed pursuant to Civil Practice and Remedies Code § 13.001. A court may dismiss an action pursuant to § 13.001 if the trial court makes a finding that the allegation of poverty in the affidavit is false or the action is frivolous and malicious. *See id.*; *Creel v. Dist. Attorney for Medina Cnty., Tex.*, 818 S.W.2d 45, 46 n.2 (Tex. 1991)

6

(per curiam). The trial court made no such finding here.

We sustain Jones's first issue.

## IV.   DID THE COURT ERR IN GRANTING SUMMARY JUDGMENT AGAINST PICKARD?

In his second issue, Jones argues the trial court erred when it granted Pickard's no-evidence motion for summary judgment because Jones raised a fact issue as to the elements of breach and damages concerning Jones's breach of contract claim. Jones also argues under this issue that the trial court erred when it sustained Pickard's evidentiary objections to certain portions of Jones's unsworn declaration, which Jones attached to his response to Pickard's no-evidence motion.

### 1.   BREACH OF CONTRACT

On appeal, Pickard argues that the only exhibits Jones referenced in his response to support the breach element of his claim were exhibits three through seven. However, Jones also referenced exhibit two in the background section of his response. Accordingly, contrary to Pickard's argument on appeal, we will consider Jones's exhibit two in addition to exhibits three through seven in determining whether Jones raised a fact issue as to the breach element. Pickard also argues on appeal that we cannot consider any of the evidence referenced by Jones to support the breach element because the trial court struck the referenced exhibits. Contrary to Pickard's argument, Pickard did not object to exhibits two through seven.

Exhibit two is an unsworn declaration by Jones, stating in relevant part that he stored property at Best Storage Center and that his property was auctioned off to a third party. Exhibit three is a May 2, 2017 lien notification from Pickard to Jones stating that Jones failed to make his monthly payment of $83 and was being assessed a lien processing fee of $60. Exhibit four is an unsworn declaration by Jones, stating that Jones agreed to pay $75 per month for the storage of his

7

property and did not authorize anyone from Best Storage Center to auction, sell, or otherwise dispose of his property. Exhibit five is a receipt to Jones showing that he paid $17.25 towards his storage unit in November of 2015. Exhibit six is an "affidavit" by Jones that is not notarized, stating that the four-page "Self-Service Rental Agreement" (exhibit seven), which was produced by Pickard to Jones, was false; that Jones was never given this agreement prior to the filing of his lawsuit; and that Jones "never signed or initialed" the agreement.

On appeal, Pickard argues that exhibit two is "predicated on hearsay"; however, Pickard did not object to exhibit two on this basis or any other basis at the trial court. *See* Tex. R. App. P. 33.1(a). Pickard also argues that exhibit two fails to meet the statutory requirements of an unsworn declaration because it fails to include Jones's date of birth. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(d). Contrary to Pickard's argument, exhibit two does contain Jones's date of birth. As to exhibit six, Pickard argues on appeal that it is not notarized. While exhibit six is not notarized, it satisfies the requirement of § 132.001 for an unsworn declaration and is thus competent summary judgment evidence. *See id.* § 132.001(a); *Horie v. Law Offices of Art Dula*, 560 S.W.3d 425, 439 (Tex. App.— Houston [14th Dist.] 2018, no pet.). Pickard argues that exhibit four is "rife with hearsay," self-serving, and not readily controvertible; however, Pickard did not object to Jones's exhibit four at the trial court. *See* Tex. R. App. P. 33.1(a).

Viewing exhibits two, four, and six in the light most favorable to Jones, we conclude that Jones raised an issue of fact as to the breach element of his breach-of-contract claim because Jones disputed that he signed and initialed the agreement relied on by Pickard, Jones asserted that Jones and Pickard agreed to have Pickard store Jones's property for $75 a month, and Pickard subsequently auctioned off Jones's property.

8

**2.    DAMAGES**

As to damages, Jones first argues that a business record and personal recollection affidavit submitted by Pickard raised an issue of fact as to damages. However, the burden was on Jones to raise an issue of fact, and we only consider Pickard's evidence if Jones successfully carried his burden of raising a fact issue as to damages. *See* Tex. R. Civ. P. 166a(i). In his response to Pickard's no-evidence motion challenge to the element of damages, Jones pointed the trial court's attention to exhibits eight, nine, and ten to support his argument that a fact issue existed as to damages.

Exhibit eight is an unsworn busines records declaration of Jones, stating that he owned and managed a nationwide marketing business and that he stored "eight years [sic] worth of my marketing business property and trade secrets related to the marketing business at Best Storage Center . . . ." Jones further stated in this exhibit that he "had to stop the marketing service" as a result of the loss of his property and that he lost "more than eight years [sic] worth of business property, money invested, and hard work as the result of the loss of my property that was stored at Best Storage Center." Exhibit nine is an unsworn declaration by Jones, stating in relevant part that Jones had "spent more than fifteen thousand dollars in legal fees in maintaining this lawsuit."

Exhibit ten is another unsworn declaration by Jones stating that he stored personal and business property at Best Storage Center and providing a non-exhaustive list of items stored there. Jones states in this declaration that he had all of the items listed valued, and that he received a valuation from a valuator of over one million dollars for the items. Jones further stated that he had "estimated" the value of nineteen different items, listed the values of these nineteen items, and stated that "[s]ome values may be overstated and some understated."

Pickard objected to exhibits eight through ten, and the trial court sustained his objections. Because it is dispositive, we focus our analysis on Pickard's objections to exhibit ten. Pickard objected to exhibit ten on the basis that it was "unverified, hearsay, and is authored with self-admitted speculation and unreliability." On appeal, Pickard argues that Jones's exhibits eight through ten are conclusory.

While exhibit ten was unverified, it complied with the requirements for the use of an unsworn declaration as competent summary judgment evidence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a); *Horie*, 560 S.W.3d at 439. As to Pickard's objection that exhibit ten was speculative as to damages, we note that a property owner may testify about the value of his personal property. *See Mukwange v. Pub. Storage, Inc.*, No. 14-14-00212-CV, 2015 WL 4748308, at *4 (Tex. App.— Houston [14th Dist.] Aug. 11, 2015, pet. denied) (mem. op.). Furthermore, Jones's declaration provides that he "recently had all of the above items valued and the value I received without providing all of the details to the valuator was over one million dollars." This indicates that Jones's valuation is not purely speculative. Likewise, Pickard's objection that Jones's estimation of damages was conclusory fails because Jones's affidavit provides a basis for his statements concerning the value of his items. *See Windrum v. Kareh*, 581 S.W.3d 761, 768–69 (Tex. 2019) ("A conclusory statement asserts a conclusion with no basis or explanation."). As to Pickard's hearsay objection, Pickard failed to identify at the trial court and on appeal the statements he complained were hearsay. Nevertheless, none of the statements in Jones's exhibit ten are hearsay, except Jones's statement that the valuator's valuation was a "rough" valuation. Importantly, Jones's statement that "I recently had all of the above items valued and the value I received without providing all of the details to the valuator was

10

over one million dollars" is not hearsay.[2] In sum, we conclude that the trial court abused its discretion when it struck Jones's exhibit ten and we will consider exhibit ten in our analysis. *See Butnaru*, 84 S.W.3d at 211.

On appeal, Pickard argues that the evidence relied on by Jones is no evidence of economic damages, as required for a breach-of-contract claim, and that Jones "is not due nominal damages on the merits of the evidence in the record." However, Pickard did not advance this argument at the trial court. *See* Tex. R. App. P. 33.1; Tex. R. Civ. P. 166a(i). Instead, Pickard argued that there was no evidence of damages.

Damages for breach of contract may include both direct and consequential damages. *Signature Indus. Servs., LLC v. Int'l Paper Co.*, 638 S.W.3d 179, 186 (Tex. 2022); *Dallas/Fort Worth Int'l Airport Bd. v. Vizant Techs., LLC*, 576 S.W.3d 362, 373 (Tex. 2019). Direct damages often include restoration of "the benefit of a plaintiff's bargain." *Signature Indus. Servs.*, 638 S.W.3d at 186. Consequential damages compensate the plaintiff for foreseeable losses that were caused by the breach but were not a necessary consequence of it. *Stuart v. Bayless*, 964 S.W.2d 920, 921 (Tex. 1998); *see also Signature Indus. Servs.*, 638 S.W.3d at 186 n.1 ("Ordinarily, such damages would not result from the breach of such a contract, and cannot, therefore, be said to be direct, natural and proximate; but are special and consequential, and such as are recoverable only where the party breaching the contract had notice, when he made the contract, of the facts which would render such damages reasonably probable in the event of a breach." (quoting *W. Union Tel. Co. v. McKinney*, 2 Willson 563, 566 (Tex. Ct. App. 1885))).

Pickard failed to argue at the trial court that there was no evidence that Jones

---

[2] Hearsay is an out of court statement offered to proof the truth of the matter asserted in the statement. *See* Tex. R. Evid. 801(d).

11

could recover consequential damages. *See* Tex. R. App. 33.1; Tex. R. Civ. P. 166a(i). Jones's live petition stated that Jones "seeks punitive damages, exemplary damages, economic damages, non-economic damages, compensatory damages, future damages, future loss of earnings, special damages, consequential damages, and all other damages appropriate in this cause." In his response to Pickard's no-evidence motion, Jones argued "no matter which contract theory is applied, [Jones] lost his property stored at Best Storage Center causing a variety of damages including the loss of the property itself, irreplaceable property the value of which [Jones] must opine on, significant mental anguish, and time and money spent in trying to rectify the issue." Because the evidence presented by Jones raises a fact issue as to whether he suffered damages resulting from a possible breach of a contract between Jones and Pickard, we conclude that the trial court erred when it granted Pickard's no-evidence motion as to Jones's breach of contract claim against Pickard.

We sustain Jones's second issue.

## V.    CONCLUSION

We reverse the trial court's judgment in part to the extent it dismisses Jones's claim against Pickard for breach of contract, as well as Jones's claims against all defendants other than Pickard. We affirm in part the remainder of the judgment and remand for further proceedings.


/s/    Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Christopher and Justices Poissant and Wilson.

12