**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-22-00508-CV**

———————————

**HAIGHT FAMILY, LLC, Appellant**

**V.**

**GERMANIA FARM MUTUAL INSURANCE ASSOCIATION, Appellee**

---

**On Appeal from the 66th District Court**
**Hill County, Texas[1]**
**Trial Court Case No. CV526-20DC**

---

[1] Per the Texas Supreme Court's docket-equalization powers, this appeal was transferred from the Tenth Court of Appeals to this court on June 30, 2022. *See* TEX. GOV'T CODE § 73.001; Order Regarding Transfer of Cases from Courts of Appeals, Misc. Docket No. 22-9050 (Tex. June 30, 2022). We are unaware of any relevant conflict between the Tenth Court's precedent and ours. *See* TEX. R. APP. P. 41.3.

## MEMORANDUM OPINION

Haight Family, LLC sued its property insurer, Germania Farm Mutual Insurance Association, for delaying payment of its insurance claim for over 16 months. The trial court granted summary judgment for Germania. Because we conclude Haight did not present any evidence in support of its claims against Germania, we affirm the trial court's judgment.

## BACKGROUND

Haight owns a residential lot in Hill County. The house on the lot caught fire, and most of the house was destroyed. Haight filed a claim with its property insurer, Germania. Germania did not immediately pay the claim and instead investigated whether the fire resulted from arson. Haight asked Germania to clean up or clear the property in the meantime, but Germania did not do so, nor did Haight.

While Germania was investigating the claim, the homeowners association of the property sued Haight for violating its restrictive covenant, namely, for not maintaining the property in a neat and orderly condition. Germania did not defend Haight in the lawsuit because Haight's insurance policy did not include liability coverage. Ultimately, the trial court found Haight liable to the homeowners association for damages in the amount of $182,600, along with costs and attorney's fees.

While the homeowners association suit was pending, Haight filed a third-party petition against Germania for its failure to process, approve, or pay Haight's claim for over 16 months. Haight asserted claims for breach of contract, breach of the duty of good faith and fair dealing, and deceptive trade practices in violation of the Insurance Code and Business and Commerce Code. Haight sought to recover its consequential damages—the amount it had to pay the homeowners association for violating the restrictive covenant. The trial court severed Haight's claims against Germania from the homeowners association suit. The severed suit between Haight and Germania is the subject of this appeal.

In the severed suit, Germania filed a no-evidence summary-judgment motion and challenged each element of Haight's claims.

Haight did not present any evidence with its summary-judgment response and instead relied on the argument that Germania had made certain judicial admissions in court records filed in related but separate judicial proceedings. The court records included: (1) Germania's petition in interpleader; (2) Haight's motion to dismiss the interpleader action; (3) Germania's pre-suit petition to conduct a deposition relating to cell phone records as part of its investigation into Haight's insurance claim; and (4) Germania's first amended petition to conduct that deposition. Generally, Haight argued that Germania had judicially admitted its liability on the claim was reasonably clear but had unreasonably delayed payment of the claim.

On the day of the summary-judgment hearing, after the deadline to file summary-judgment evidence had passed, Haight filed the court records from the separate proceedings. The court records were not certified or authenticated. Germania objected to the consideration of the court records as summary-judgment evidence and moved to strike because the court records were filed late and not certified or authenticated.

The trial court granted Germania's motion to strike and also granted Germania's no-evidence summary-judgment motion. Haight now appeals.

## DISCUSSION

### *Standard of Review and Applicable Law*

After adequate time for discovery, a party may move for summary judgment on the ground that the opposing party has no evidence to support one or more essential elements of its claims. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements as to which the movant contends there is no evidence. *Id.*

Once the movant has specifically stated the elements as to which there is no evidence, the burden then shifts to the nonmovant to present summary-judgment evidence raising a genuine issue of material fact as to each challenged element. *See Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). The nonmovant must present more than a scintilla of probative evidence to raise a genuine issue of material fact. *See id.* More than a scintilla of evidence exists

when the evidence to support a finding "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). If the nonmovant does not meet its burden, the trial court must grant the summary judgment. TEX. R. CIV. P. 166a(i).

We review summary judgments de novo. *Wal-Mart Stores*, 663 S.W.3d at 576. "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

Here, Haight asserted four claims against Germania: breach of contract, breach of the duty of good faith and fair dealing, deceptive insurance practices in violation of Section 541.060 of the Insurance Code,[2] and deceptive insurance practices under Section 17.46 of the Business and Commerce Code (the Deceptive Trade Practices Act or DTPA). Haight also sought to recover its consequential damages.

To establish a breach of contract, the plaintiff must show: "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance

---

[2] Haight Family also alleged a violation of Section 541.061 of the Insurance Code but apparently abandoned that claim by not responding to it in Haight's summary-judgment response.

5

as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

To establish a breach of an insurer's duty of good faith and fair dealing, a common law duty, the plaintiff must show the insurer denied or delayed payment of a claim after it became "reasonably clear" that the claim was covered. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997).

To establish a violation of Section 541.060 of the Insurance Code, the plaintiff must show the insurer engaged in any of the unfair or deceptive acts or practices listed in that section.

To establish a violation of the DTPA, the plaintiff must show: (1) it is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts such as those listed in Section 17.46; and (3) these acts constituted a producing cause of the plaintiff's damages. *See* TEX. BUS. & COM. CODE § 17.46; *Campise v. Davila*, No. 10-23-00025-CV, 2023 WL 2916688, at *3 (Tex. App.—Waco Apr. 12, 2023, no pet.) (mem. op.).

Lastly, to establish consequential damages, a plaintiff must show the damages were foreseeable, directly traceable to the defendant's breach of contract, and resulted from the breach. *Stuart v. Bayless*, 964 S.W.2d 920, 921 (Tex. 1998) (per curiam). Consequential damages are "not recoverable unless the parties

contemplated at the time they made the contract that such damages would be a probable result of the breach." *Id.*

### *Analysis*

We first consider Haight's second and third issues, whether the trial court erred by striking Haight's summary-judgment evidence and whether the trial court erred by refusing to sign an order granting or denying its request to take judicial notice. Though listed in the "Issues Presented" section of its brief, Haight does not address these issues at all in its brief. An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). While we should construe briefing reasonably and liberally and try to reach the merits of an issue whenever possible, *Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826–27 (Tex. 2022) (per curiam), an appellant waives its issues if it fails to make a clear argument for its contentions, *Castille v. Serv. Datsun, Inc.*, No. 01-16-00082-CV, 2017 WL 3910918, at *13 (Tex. App.—Houston [1st Dist.] Sept. 7, 2017, no pet.) (mem. op.). Therefore, because Haight made no argument for its second and third issues, we conclude it has waived these issues. We overrule Haight's second and third issues.

We now turn to Haight's first issue, whether the trial court erred in granting Germania's summary-judgment motion. Haight raises two arguments in support of this issue: (1) there are fact issues as to Germania's knowledge and intent in delaying

7

payment of the claim; and (2) Germania judicially admitted that it did not pay the claim for almost two years. This delay, Haight argues, caused it to suffer damages by having to pay the homeowners association for violating the restrictive covenant.

Because Germania challenged specific elements of each of Haight's claims, Haight's burden was to present evidence of each challenged element. *See Wal-Mart Stores*, 663 S.W.3d at 576.

In its response to Germania's no-evidence summary-judgment motion, Haight did not present any evidence. Instead, Haight solely relied on Germania's supposed judicial admissions made in court records filed in separate judicial proceedings. Haight's response did not identify the specific statements that Haight claimed were admissions. This response failed to meet Haight's summary-judgment burden for three reasons.

First, the statements Germania made in court records in separate proceedings were not judicial admissions. A judicial admission is a "clear, deliberate, and unequivocal statement" of fact made in a live pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). A judicial admission is conclusive and relieves the opposing party of having to prove that fact. *See id.* The court records to which Haight referred were not Germania's live pleading in this suit. In contrast to a judicial admission in a live pleading, a factual statement in a separate proceeding is more appropriately considered a "quasi-admissions," meaning it provides some

8

evidentiary value but is not conclusive against the party making the statement. *See Cameron County v. Velasquez*, 668 S.W.2d 776, 782–83 (Tex. App.—Corpus Christi–Edinburg 1984, writ ref'd n.r.e.) (discussing distinction between judicial admission, made in live pleading, and quasi-admission, made in pleading in another action, which is receivable in evidence but not conclusive). Thus, Germania's statements in court records in separate proceedings were not judicial admissions, but the statements could have been quasi-admissions that presented some evidence to support Haight's claims, if not for the additional problems we discuss below.

Second, Haight made only conclusory allegations of these supposed admissions in its summary-judgment response. A conclusory allegation is one that "do[es] not provide the underlying facts to support the conclusion." *City of Robinson v. Leuschner*, 636 S.W.3d 48, 56 (Tex. App.—Waco 2021, pet. dism'd). Haight alleged Germania made certain admissions, but it never identified the statements Germania made that supposedly admitted these facts. For example, Haight claimed in its response, without further explanation:

- "Germania has judicially admitted that Germania failed to pay the proceeds of the Policy for over 16 months after the [fire]."

- "Germania's pleadings in the [pre-suit petition to conduct a deposition], which are judicial admissions, constitute some evidence that Germania had no reasonable basis for denying the claim or delaying payment."

- "Germania has judicially admitted that Germania knew or reasonably should have known that liability was reasonably clear."

9

- "Germania has judicially admitted that, for example, Germania knew that the structure on the Property, which was insured under the Policy, was destroyed as a result of the [fire]."

These allegations are conclusory because they do not identify the underlying statements to support them. Conclusory evidence is insufficient to meet a nonmovant's summary-judgment burden. *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). Further, counsel's arguments in a motion or response are not evidence. *See Barkley v. Tex. Windstorm Ins. Ass'n*, No. 14-11-00941-CV, 2013 WL 5434171, at *4 (Tex. App.—Houston [14th Dist.] Sept. 26, 2013, no pet.) (mem. op.). Haight relied only on conclusory allegations in a motion that itself does not constitute evidence, and therefore Haight presented no evidence in response to Germania's summary-judgment motion.

Third, Haight did not attach the court records to its initial response, only filed the court records after the deadline to present summary-judgment evidence, and did not attach certified or authenticated copies. For these reasons, Germania objected and moved to strike the court records, and the trial court granted that request. Haight waived any challenge to the trial court's ruling by not briefing the issue on appeal, as we discussed above. Even if Haight had briefed the issue, we review a trial court's evidentiary rulings for an abuse of discretion, and the trial court was within its discretion to exclude late-filed, unauthenticated evidence. *See Le v. Shamblin*, No. 10-21-00105-CV, 2021 WL 4462519, at *2 (Tex. App.—Waco Sept. 29, 2021, no

pet.) (mem. op.) (evidentiary rulings are reviewed for abuse of discretion); *see also*

*Duchene v. Hernandez*, 535 S.W.3d 251, 257 (Tex. App.—El Paso 2017, no pet.)

(concluding trial court did not abuse its discretion in excluding late-filed summary-

judgment response based on counsel's "bare assertions" of calendaring errors and

other mistakes); *Gonzalez v. McKinney Dodge Inc.*, No. 05-14-00482-CV, 2015 WL

3454399, at *3 (Tex. App.—Dallas June 1, 2015, pet. denied) (mem. op.) (trial court

did not abuse discretion in excluding unauthenticated documents because they are

not entitled to consideration as summary-judgment evidence).[3] Evidence struck by

the trial court is not part of the summary judgment record and cannot be considered

on appeal. *Winkenhower v. Smith*, No. 04-15-00077-CV, 2015 WL 6900306, at *3

(Tex. App.—San Antonio Nov. 10, 2015, no pet.) (mem. op.). And, as we noted

above, Haight never identified the statements in these court records that supported

the challenged elements of its claims. Thus, Haight presented no evidence in

response to Germania's summary-judgment motion.

---

[3] Failure to provide certified or authenticated court records does not automatically bar their consideration. In some circumstances, the "appearance, contents, substance, . . . [and] other distinctive characteristics" of the records, taken "together with all the circumstances," can support a trial court's finding that the records are authentic. *Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) (per curiam) (alteration in original) (quoting TEX. R. EVID. 901(b)(4)) (concluding trial court did not abuse its discretion in finding uncertified copies of verdict and judgment from separate proceeding were authentic when those records contained watermark from district clerk's office, stamp and signature noting records were filed in clerk's office, and trial judge's own signature). However, we do not decide whether the trial court erred in excluding the evidence because Haight has waived this issue.

Haight further argues on appeal, as it did in the trial court, that summary judgment is improper on these claims because Germania's knowledge and intent are fact issues for the jury. But Haight's burden at this stage of the lawsuit was to provide more than a scintilla of evidence of Germania's knowledge or intent, as relevant to its claims. *See Wal-Mart Stores*, 663 S.W.3d at 576. Haight did not provide any evidence and did not identify any statements in its proffered evidence that demonstrated Germania's knowledge or intent.

Haight failed to meet its summary-judgment burden to present evidence to support each challenged element of its claims. *See id.* Therefore, the trial court did not err in granting Germania's summary-judgment motion. We overrule Haight's first issue.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Countiss, and Farris.