# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2025

Lyle W. Cayce
Clerk

―――――――――

No. 25-50259

―――――――――

Henry B. Berrocal,

*Plaintiff—Appellant*,

*versus*

Samsung Electronics Company,

*Defendant—Appellee*.

――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-8

――――――――――――――――――――――

Before Clement, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Henry Berrocal's refrigerator broke, so he sued Samsung Electronics Company ("Samsung") for $5 million. He brought a pro se action in federal court under the Magnuson–Moss Warranty Act ("MMWA"), alleging that Samsung breached a warranty by refusing to repair or replace the refrigerator. To bring a breach-of-warranty claim in federal court under the MMWA, the amount in controversy must be at least $50,000. The district court dismissed

――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50259

the action for lack of subject-matter jurisdiction, reasoning that Berrocal's alleged damages were not asserted in good faith and the actual amount in controversy is less than $50,000. Because it appears to a legal certainty that the amount in controversy is less than $50,000, we affirm the district court's judgment of dismissal.

I

Berrocal purchased a Samsung refrigerator for $2,500. Around two years later, the refrigerator's compressor broke. The refrigerator was still under a ten-year warranty for the compressor unit when it stopped working. He complained to Samsung, and the company sent technicians to fix the compressor. But after three visits in three months, the technicians were not able to repair the refrigerator. Berrocal sought a refund or an exchange, but he alleges that Samsung refused to replace or refund the refrigerator because a sticker that was supposed to be affixed to the outside of the refrigerator was missing.

Berrocal then filed this action in the United States District Court for the Western District of Texas, alleging that Samsung breached an implied warranty in bad faith. He asserted federal-question jurisdiction as the basis for subject-matter jurisdiction, as he brought claims under the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41–58, and the MMWA, 15 U.S.C. §§ 2301–2312.[1] Berrocal sought both injunctive relief and damages. Specifically, he alleged over $5 million in damages, including $10,000 for a "refund" and $2.5 million in punitive damages. The district court referred the case to a magistrate judge, who expressed concerns about whether Berrocal's allegations satisfied the MMWA's $50,000 amount-in-

---

[1] The district court dismissed Berrocal's FTC Act claim because there is no private right of action under that statute. Berrocal does not appeal the dismissal of this claim.

controversy requirement and ordered him to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. Berrocal responded by filing a notice detailing his purported damages. The notice clarified that Berrocal sought $897,780 in damages. This total included $300,000 for "pain and suffering," $250,000 for "emotional damage," and $147,000 to compensate him for his "unwanted force[d] labor as a chef" and "food delivery driver" because he had to drive to the grocery store and cook for himself daily.

The magistrate judge issued a report and recommendation that the district court dismiss the action for lack of subject-matter jurisdiction. According to the magistrate judge, the punitive and personal-injury damages Berrocal sought are not recoverable under the MMWA. Moreover, he had not submitted evidence to substantiate the "exorbitant amount[]" of economic damages he alleged, and these economic damages were "not credible or reasonably related to a claim of breach of warranty related to a broken refrigerator."

Berrocal objected, arguing that he satisfied the MMWA's $50,000 jurisdictional threshold and offering a new tabulation of his damages. This time, Berrocal explained that his damages total $164,291.81. This sum accounts for:

- $5,000 for the cost of the refrigerator and the cost of purchasing a replacement;
- $39,285.71 for storing the refrigerator and $1,000 for disposing of it;
- $29,600 for dining out three times a day over a span of 22 months and $5,238.10 for spoiled groceries purchased over the same duration;
- $6,288 for gas and car maintenance for his trips to restaurants and the grocery store;

- $11,880 for time spent calling Samsung and visiting its service center; and
- $66,000 in lost productivity.

The district court overruled Berrocal's objection and dismissed the action without prejudice for lack of subject-matter jurisdiction. The court reasoned that neither the original amount of damages Berrocal alleged in his complaint nor his revised calculation reflected "a good faith estimate of recoverable damages." The court described Berrocal's "claim for damages" as "preposterous" and "reject[ed] it as such." Berrocal timely appealed.

## II

Federal courts are courts of limited jurisdiction, so "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021); *see* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "We review a dismissal for lack of subject-matter jurisdiction de novo." *Villegas v. Noem*, 149 F.4th 554, 561 (5th Cir. 2025).

## III

Berrocal argues that the district court erred by dismissing this action because he alleged direct, incidental, and consequential damages that exceed the MMWA's $50,000 amount-in-controversy requirement. On appeal, Berrocal reasserts the same amount of damages set forth in his objection to the magistrate judge's report and recommendation: $164,291.81.

Berrocal asserts that the district court had federal-question jurisdiction over this action because his breach-of-warranty claim arises under the MMWA. The MMWA is a federal statute that provides consumers a private right of action against "a supplier, warrantor, or service

contractor" that fails to comply "with any obligation . . . under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). Usually, when a plaintiff brings a claim under a federal statute, that claim arises under federal law and a federal district court has jurisdiction over it. *See* 28 U.S.C. § 1331. "That reasoning works under most federal statutes, but [the MMWA] has additional jurisdictional criteria for federal-question jurisdiction." *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). One of these criteria is that a plaintiff cannot bring a breach-of-warranty claim under the MMWA in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B).

To determine the applicable *measure* of damages under the MMWA, we look to state law. *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979). There are certain *types* of damages, though, that we have determined are not recoverable under the MMWA as a matter of federal law. *See Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1064–66 (5th Cir. 1984). "[D]amages for economic loss . . . are recoverable under the MMWA," so those damages count toward satisfying the $50,000 threshold. *Id.* at 1064–65. But because "personal injury damages for breach of warranty are not recoverable under the MMWA, these damages may not be counted." *Id.* at 1069. "Punitive damages are recoverable under the MMWA for breach of warranty only if they may be recovered in a breach of warranty action brought under the governing state law." *Id.*

Texas law determines the applicable measure of damages here. Under Texas law, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different

No. 25-50259

amount." Tex. Bus. & Com. Code Ann. § 2.714(b). In other words, "Texas law allows recovery for the diminished value of the good caused by the breach of warranty." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014). Texas law also allows recovery of "incidental and consequential damages" "[i]n a proper case." Tex. Bus. & Com. Code Ann. §§ 2.714(c), 2.715. Plaintiffs cannot recover punitive damages for breach-of-warranty claims under Texas law. *Boelens*, 748 F.2d at 1070–71. Thus, the amount in controversy for Berrocal's claim is the diminished value of the refrigerator plus any incidental or consequential damages.

IV

We must apply these standards to determine whether Berrocal has satisfied the MMWA's $50,000 amount-in-controversy requirement.

Generally, when a plaintiff demands a specific amount of damages in the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 289. If it is not "facially apparent" that the alleged damages exceed the jurisdictional amount, then the district court "may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). We must judge the jurisdictional facts "as of the time the complaint is filed." *Id.* But if the complaint "state[s] an amount in a confusing or ambiguous or uncertain manner," then "the district court may interpret later events as attempts at 'clarification' of the facts existing at commencement or removal of the action." 14B Wright & Miller's Federal Practice & Procedure § 3706 (5th ed. 2025).

No. 25-50259

The legal-certainty test is highly deferential to plaintiffs, but it is not a guaranteed ticket to federal court. "While a federal court must of course give due credit to the good faith claims of the plaintiff," we have emphasized that "a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). Indeed, the Supreme Court has long recognized that the legal-certainty test "does not exclude the power of the court to protect itself against fraud." *Smithers v. Smith*, 204 U.S. 632, 643 (1907) ("[I]f the court found as a fact that the damages were laid in the declaration colorably and beyond a reasonable expectation of recovery, for the purpose of creating jurisdiction, there would be authority for dismissing the case . . . ."). When a plaintiff alleges damages that are legally impossible to recover in order to manipulate federal jurisdiction, we are not bound by the allegations in the complaint. *Cf. De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (explaining that plaintiffs "may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading," and decrying this "manipulation" as "bad faith").

Here, it is apparent to a legal certainty that Berrocal's claim is for less than $50,000. It is legally impossible for Berrocal to recover the amount he alleged in the complaint. Ignoring the conclusory claims and the request for punitive damages,[2] Berrocal's complaint sought only $10,000 in economic damages. We construe the later damages calculations Berrocal advanced as clarifications of the amount he sought when he filed his complaint; even still,

---

[2] For instance, the complaint demands $150,000 for "fraud" and $500,000 for "false advertisement," but the complaint does not raise such claims or provide any factual allegations to support them.

these sums are no more plausible than those alleged in the complaint. It is true, as Berrocal stresses, that Texas law allows recovery of incidental and consequential damages. But under Texas law, incidental damages must be reasonably incurred, and consequential damages must be reasonably foreseeable. *See* TEX. BUS. & COM. CODE ANN. § 2.715; *see also Stuart v. Bayless*, 964 S.W.2d 920, 921 (Tex. 1998) (per curiam) ("[T]o be recoverable, consequential damages must be foreseeable and directly traceable to the wrongful act and result from it."). It appears to a legal certainty that a $2,500 refrigerator breaking could not generate $50,000 in reasonably foreseeable damages, *see Ware*, 6 F.4th at 733 ("The plaintiffs' troubles with a four-year-old $3,000 television could not possibly leave more than $75,000 in controversy between them and Samsung."), particularly given that Berrocal apparently made no effort at cover. *See Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 781 (Tex. App.—Fort Worth 2005, pet. granted, judgm't vacated w.r.m.) ("A buyer may recover consequential damages that could not reasonably be prevented by cover. After a breach by the seller, the buyer may 'cover' by making, in good faith and without unreasonable delay, any reasonable purchase of goods in substitution for those due from the seller." (citing TEX. BUS. & COM. CODE ANN. §§ 2.712(a), 2.715(b)(1))). In short, it is facially apparent that the damages alleged in Berrocal's complaint do not exceed the MMWA's jurisdictional threshold.

## V

Berrocal has not satisfied the MMWA's $50,000 amount-in-controversy requirement, and his MMWA claim is the only basis for federal subject-matter jurisdiction. Thus, we AFFIRM the district court's judgment of dismissal for lack of subject-matter jurisdiction.